**Richard L. BOCHENSKI, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

**No. 01–3389.**

United States Court of Appeals,
Federal Circuit.

May 10, 2002.

Before RADER, SCHALL, and LINN, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board affirmed the Office of Personnel Management's (OPM's) denial of Mr. Richard L. Bochenski's application for disability retirement under the Federal Employees'

Retirement System (FERS). *Bochenski v. Office of Personnel Mgmt.* No. CH–844E–00–0789–I–1 (Nov. 20, 2000). OPM denied Mr. Bochenski's application because he did not show that his medical condition disabled him from performing useful and efficient service for the agency. Because this court finds no error with the Board's decision under the limited scope of review available in this case, this court *affirms.*

## BACKGROUND

Mr. Bochenski worked as a PS–05 mail carrier in Circle Pines, Minnesota. On November 11, 1999, he applied for FERS disability retirement. Mr. Bochenski claimed disability based on a right shoulder impingement that caused pain in his right shoulder, neck, right arm, and chest. Under his doctor's restrictions, Mr. Bochenski worked a light duty position of three hours per day. He was restricted also from any work requiring that he reach above his shoulders or push anything over twenty-five pounds.

After OPM denied Mr. Bochenski's application and request for reconsideration, Mr. Bochenski appealed to the Board. The administrative judge reviewed the medical evidence from two physicians who treated Mr. Bochenski for his right shoulder impingement and determined that the evidence did not show that Mr. Bochenski's condition was disabling. Mr. Bochenski timely appealed to this court.

## DISCUSSION

This court ordinarily reviews Board decisions under the Administrative Procedure Act to ensure they are not "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

With respect to disability cases, however, Congress further provided that "the decisions of [OPM] concerning [questions of disability and dependency arising under this chapter] are final and conclusive and are not subject to review." 5 U.S.C. § 8461(d) (2000). Hence, this court may not review the factual underpinnings of physical disability determinations, but may consider whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl v. Office of Personnel Mgmt.* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985).

Mr. Bochenski has not alleged, nor can this court find, any substantial departure from important procedural rights or a misconstruction of the governing legislation. This case also does not present any error going to the heart of the administrative determination. Rather, Mr. Bochenski argues that the Board did not consider all of the evidence demonstrating his entitlement to FERS disability benefits. No matter how compelling the evidence of a case, however, this court may not review the factual underpinnings of the Board's physical disability determinations. Accordingly, this court must affirm the Board's decision.